# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ELISA BOBRIN | DELAWARE VALLEY UNIVERSITY |

| (b) County of Residence of First Listed Plaintiff   BUCKS | County of Residence of First Listed Defendant   BUCKS |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.<br>1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, ADEA, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 09/26/2023 | /S/ SIDNEY L. GOLD, ESQUIRE |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 60 Remington Place, Ivyland, Pennsylvania 18974 _____

Address of Defendant: _____ 700 E. Butler Avenue, Doylestown, Pennsylvania 18901 _____

Place of Accident, Incident or Transaction: _____ 700 E. Butler Avenue, Doylestown, Pennsylvania 18901 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/26/2023__     __/s/ Sidney L. Gold, Esquire__     __21374__

                *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*          **B.**   *Diversity Jurisdiction Cases:*

| | | | | |
|---|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | | ☐ 6. | Other Personal Injury *(Please specify): _____* |
| ☑ 7. | Civil Rights | | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | | *(Please specify): _____* |
| ☐ 11. | All other Federal Question Cases | | | |
| | *(Please specify): _____* | | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __SIDNEY L. GOLD, ESQUIRE__ , counsel of record *or* pro se plaintiff, do hereby certify:

☑   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑   Relief other than monetary damages is sought.

DATE: __09/26/2023__     __/s/ Sidney L. Gold, Esquire__     __21374__

                *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ELISA BOBRIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| DELAWARE VALLEY UNIVERSITY | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (☑)


| | | |
|---|---|---|
| 09/26/2023 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 – Assignment to a Management Track**

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELISA BOBRIN, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **CIVIL ACTION NO._____** |
| | : | |
| DELAWARE VALLEY UNIVERSITY, | : | |
| | : | |
| *Defendant.* | : | |
| _____ | : | |

## COMPLAINT AND JURY DEMAND

**I.    PRELIMINARY STATEMENT:**

1.    This is an action for an award of damages, attorneys' fees and other relief on behalf of the Plaintiff, Elisa Bobrin ("Plaintiff Bobrin"), a former employee of the Defendant, Delaware Valley University ("Defendant"), who has been harmed by the Defendant's discriminatory employment practices.

2.    This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

**II.    JURISDICTION AND VENUE:**

3.    The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Bobrin's claims are substantively based on Title VII and the ADEA.

4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Bobrin's claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Bobrin has satisfied all other jurisdictional prerequisites to the maintenance of this action.  On June 28, 2023, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

III.    **PARTIES**:

6.      Plaintiff, Elisa Bobrin ("Plaintiff Bobrin"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 60 Remington Place, Ivyland, Pennsylvania 18974.

7.      Defendant, Delaware Valley University ("Defendant"), is an educational institution duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining offices of administration located therein at 700 E. Butler Avenue, Doylestown, Pennsylvania 18901.

8.      At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.      At all times material herein, the Defendant has been a "person" and "employer" as defined by Title VII, the ADEA, and the PHRA, and has been, and is, subject to the provisions of each said Act.

IV.    **STATEMENT OF FACTS**:

10.     Plaintiff Bobrin, a fifty-five (55) year old female, was employed by the Defendant from in or about August of 2017 until on or about August 19, 2022, the date of her constructive termination.

11.     Upon commencing employment, Plaintiff Bobrin served as a temporary, full-time Lecturer. Thereafter, Defendant promoted Plaintiff Bobrin to the role of non-tenure track, full-time Associate Professor.

12.     At all times throughout her tenure of employment, Plaintiff Bobrin received outstanding performance reviews from Defendant. As further evidence of her stellar performance, in or about November of 2021, Pamela Reed ("Reed"), the retiring Department Co-Chair, encouraged Plaintiff Bobrin to apply for her soon to be vacant tenure track position as Professor of Animal Anatomy and Physiology.

13.     By way of background, tenure track professors earn substantially more income and are afforded greater job security.

14.     Initially, Reed erroneously informed Plaintiff Bobrin that the department sought a replacement who could teach production-based courses, in additional to complex animal science courses. As this fell outside of the scope of Plaintiff Bobrin's teaching expertise, Plaintiff Bobrin at the time declined to pursue the tenure track position.

15.     On or about February 1, 2022, Plaintiff Bobrin received a request from Broc Sandelin ("Sandelin"), Dean, to join the ad hoc search committee tasked with finding a replacement professor. In connection thereto, Defendant provided Plaintiff Bobrin with applications of prospective applicants, and she immediately had concerns that she possessed significantly greater qualifications than anyone in the applicant pool. Wanting to be a team player and pursue the best interests of the department, Plaintiff Bobrin joined the search committee.

16.     On or about February 21, 2022, the search committee held a meeting to advance the process of selecting a new professor. The four members of the committee, besides Plaintiff

Bobrin, all selected significantly younger (than Plaintiff Bobrin), recent graduates of veterinary school or a PhD program. Plaintiff Bobrin voiced her concerns that she possessed substantially greater qualifications than the candidates the other committee members sought to interview.

17.     Following that meeting, on or about February 21, 2022, Plaintiff Bobrin sent an email to Bruce Richards ("Richards"), Committee Co-Chair, indicating that she would be withdrawing from the search committee to pursue the position herself.

18.     On or about March 10, 2022, Plaintiff Bobrin applied for the open tenure track position of Professor of Animal Anatomy and Physiology. Richards informed Plaintiff Bobrin that she would be held to the "same standard" as other applicants, which required a phone interview, in-person interview, and sample laboratory lesson.

19.     On or about March 17, 2022, Plaintiff Bobrin completed a phone interview for the position and advanced to the next stage of the hiring process on April 11, 2022, an in-person interview and sample laboratory lesson.

20.     On or about April 26, 2022, Richards informed Plaintiff Bobrin that the committee selected had Dana Van Sambeek ("Van Sambeek") for the position, a significantly younger, less qualified, less experienced male. Upon information and belief, Defendant never required Van Sambeek to perform a sample laboratory lesson, despite Plaintiff Bobrin's understanding that this would be required of all candidates, including Plaintiff Bobrin. Moreover, Van Sambeek's academic background is in nutrition, a field well outside of the desired expertise articulated by Defendant during the candidate search.

21.     Plaintiff Bobrin promptly protested her discriminatory non-promotion to Richards and expected him to escalate her complaint to Sandelin, which, to her knowledge, never occurred, thereby evidencing Defendant's failure and refusal to remedy the discrimination.

22.     After learning of her non-promotion in favor of a significantly younger, less qualified, less experienced male, and as a result of Defendant's failure and refusal to investigate her complaint, it became clear to Plaintiff Bobrin that there existed little likelihood of upward mobility in Defendant's organization due to her sex and advanced age.

23.     As a result of the aforesaid intolerable working conditions, on or about August 5, 2022, Plaintiff Bobrin advised Defendant that her employment would be constructively terminated effective August 19, 2022, the close of the semester.

## COUNT I
### (Title VII - Sex Discrimination)
### Plaintiff Bobrin v. Defendant

24.     Plaintiff Bobrin incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth at length herein.

25.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Bobrin to discrimination based on her sex, constituted violations of Title VII.

26.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Bobrin has sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

27.     As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff Bobrin suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (ADEA – Age Discrimination)
### Plaintiff Bobrin v. Defendant

28.     Plaintiff Bobrin incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth at length herein.

29.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Bobrin to discrimination on the basis of her age, constituted violations of the ADEA.

30.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Bobrin sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

31.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Bobrin suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA - Sex Discrimination, Age Discrimination)
### Plaintiff Bobrin v. Defendant

32.     Plaintiff Bobrin incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth at length herein.

33.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Bobrin to discrimination based on her sex and age, constituted violations of the PHRA.

34.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Bobrin has sustained permanent

and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

35.     As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Bobrin suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

36.     Plaintiff Bobrin incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Bobrin requests that this Court enter judgment in her favor and against the Defendant, and order that:

a.      Defendant compensate Plaintiff Bobrin with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b.      Defendant compensate Plaintiff Bobrin with an award of front pay, if appropriate;

c.      Defendant pay to Plaintiff Bobrin punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d.      Defendant pay to Plaintiff Bobrin pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Bobrin demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.:  21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

DATED:   September 26, 2023

## **VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 9/25/23

ELISA BOBRIN, PLAINTIFF